Coioook, J.,
dissented :
This was an action of trover, to recover a negro. The plaintiff produced a bill of sale or receipt from Timothy Barton, Sheriff of Orange-burgh district, and also an exemplification (or that which was called and *555 considered as such,) of a judgment and three executions, which had been lodged in the Sheriff’s office of Orang-eburgh district, at the suit of Robert Tutle v. William Harville ; and he proved that he had been three years in possession of this negro, by virtue of a sale,, which, as it was contended, appeared by these executions, and the testimony of Mr. -. Also, he proved that Harville had been in the possession some years anterior to his, (plaintiff’s possession,) and that he was then considered as his property, and an actual conversion by the defendant.
The defendant’s counsel moved for a nonsuit, on the grounds as stated in the notice given to me, and as argued on the trial before me 1. Because the plaintiff rested his claim entirely on the sale by the Sheriff of Orang-eburgh district, and the possession under it, and no execution was offered in evidence; and, 2. Because the exemplification, if admissible evidence, showed an irregularity in the proceedings which was explicitly animadverted upon and pointed out; which motion I overruled, And a motion is now made for a new trial, on the ground that a nonsuit should have been ordered, and for other grounds which it is not necessary to notice, becamse the motion is granted by my brethren on this ground alone, and *beeause, i-*o0k on the trial of the case, I was, on the other grounds stated, L inclined to think that a verdict ought to, and would, have been found for the defendant.
On the ground that a nonsuit should have been granted, I am constrained to differ from my brethren.
I lay it down as a position not to be controverted, that in an action of trover for the recovery of a negro, that the production of a bill of sale by the plaintiff to himself, stating a valuable consideration, and upon its face, fair and unexceptionable, with proof of its execution, and a conversion by defendant, is sufficient evidence, unless rebutted, to entitle him to a recovery; and in ninety-nine cases of one hundred, tried and determined in our Courts, it is all that is produced in the first instance by a plaintiff. If authority be necessary, I refer generally to 2 Sel. N. P. 1266, wherein it is expressly laid down, that an absolute or special property, with a right of possession, is sufficient to maintain this action ; that is, it is sufficient if not opposed; it is sufficient to put the defendant to the proof of a better title. Yet, further, the bare possession is sufficient. The finder of goods may maintain this action ; what would be his proof? The possession and a conversion by the defendant. Here was proof of a possession, and an actual taking of the negro and sale of him. by the defendant.
But if it were necessary, to the support of plaintiff’s case, that the exemplification should be considered as complete, I conceive, by a critical examination of it, it will be found to be so.
The clerk of the Court, the keeper of records, first sets forth the process, verbatim et literatim, then states all the matter contained therein ; thus entered: “February 21st, 1806. Tim Bakton, s. o. d. next the return of the sheriff, in his own words; next the proof of that return, before L. Lestarjette, the clerk of the district; next the decree of the Court for the amount of- the note and interest; then the usual endorsement of the time of issuing the execution, viz., 29th October, 1806 ; he then sets forth, verbatim et literatim, the judgment and execution which *556 is according to the form of ^proceeding in our Courts, which is followed by these words: Indorsement on the execution, which is a detailed statement of the debt and costs, and the words, “ entered November 5, 1806. T. Barton, s. o. d.” Then he adds, without repeating the words of the execution, “2d execution, signed March term, 1801 endorsements on the 2d execution, which are, as on the first, a statement of debt, interest and costs, and “ entered July 2, 1808. T. BARTON, s. o. d. Nulla bona.” 3d execution, “signed March 19th, 1808. Nulla bona,” a statement, as before, of debt, interest and costs, “entered March, 1808. T. BARTON, s. o. d.,” and these words, “March 19th, 1808, levied on negro man, named Joe, sold the same on the 4th April, 1808, purchased by W. Yance, for $251 10. T. Babton, s. o. d.” Then followed the certificate of the clerk, Samuel P. Jones, in which he states that the paper contains a true copy or extract of the proceeding as appears by the records remaining in his office. Prom this it is apparent that the officer professes to set forth all that is within and without the papers in the case, except that he does not repeat the words of the second and third executions. And this I did consider, and do still consider, as wholly immaterial, for if it had been found, upon their being set forth, that there had been any error, it was amendable, and would be amended by the Court to perfect the sale; see the case of Toomer v. Purkey, (1 Con. Rep. 323), which is only a repetition of what has often been decided in our Courts. Now if it is immaterial whether the words were those which, according to the forms of our proceedings, ought to have been used, I am at a loss to conceive why they should have been put down, to the great trouble of the officer and expense of the party.
Again, is there any prescribed mode and form of exemplification ? I know of none. It is admitted that in exemplifications the whole is exemplified. But much depends on the purposes for which they are to bo used. It is said something is kept back. I ask, if the officer does not say what that is ? I think he does, as plainly as if he had said that I deem it ^unnecessary to repeat the body or formal part of the execution ; but I give you all the endorsements thereon, and these it is to be observed, cite the only important parts of the execution.
The case of Barkley v. Scriven is relied on as authority, to show that the execution must be produced to support a claim of personal property acquired by a sheriff’s sale. But that was an action to recover real estate, and the observation of the judge was only incidental, and not to the point before the Court, and therefore cannot be considered as authority.
It was further contended, that as the plaintiff iu this case had proved possession in Harville, it was incumbent on him to show that Harville had been dispossessed of the right of property. This is undoubtedly the case in actions for the recovery of real estate, which cannot pass but by deed, but cannot apply to the case of personal property, which may pass by delivery. The possession of Harville was not inconsistent with a subsequent legal possession in him ; it did not necessarily destroy his title; on the contrary, his subsequent possession furnished, as to a mere chattel, a presumption of a sale, which was to be left to the jury.
The second ground contains objections which apply more to force and effect, than to the competency of the evidence. If I thought the irregularities such as to affect the sale, and render it null and void, still I con *557 ceive it my duty to submit to the jury the question, whether that which was called irregularity, might not be a mere clerical mistake. And as it regards that which appears to be, in the opinion of the counsel, the greatest irregularity, I entertain no doubt myself that it is a mere clerical mistake ; that 1808 is written for 180T, by which it appears that the second execution issued after the third.
Simons, for the motion. Sunt, contra.
Bay, J., concurred with Colcock, J.
Post, 418, 566; 1 N. & MoC. 408.